1  Tyler M. Paetkau (Bar No. 146305)
2  Tyler.Paetkau@huschblackwell.com
   Olga Savage (Bar No. 252009)
3  olga.savage@huschblackwell.com
4  Michael Matta (Bar No. 325593)
   michael.matta@huschblackwell.com
5  HUSCH BLACKWELL LLP
6  1999 Harrison Street, Suite 700
   Oakland, CA 94612
7  Telephone:  510.768.0650
8  Facsimile:510.768.0651

9  Attorneys for Defendant
10 WATLOW ELECTRIC MANUFACTURING COMPANY

11          **IN THE UNITED STATES DISTRICT COURT**
12        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14  BRANDON SEMERAU, | Case No. _____ |
| 15          Plaintiff, | |
| 16      vs. | **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446** |
| 17 | |
| 18  WATLOW ELECTRIC MANUFACTURING COMPANY; and | |
| 19  DOES 1–100, inclusive, | |
| 20          Defendants. | (Filed concurrently with the Civil Cover Sheet) |
| 21 | |
| 22 | |

23

24       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

25  **THE NORTHERN DISTRICT OF CALIFORNIA**: Please take notice that

26  Defendant Watlow Electric Manufacturing Company ("Watlow"), by and through its

27  undersigned attorneys, hereby removes the above-captioned civil action filed by

28  Plaintiff Brandon Semerau ("Plaintiff") and all claims and causes of action therein

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

1

(the "Action"), from the Superior Court of the State of California, County of Santa Clara ("State Court"), to the United States District Court for the Northern District of California ("Court"), pursuant to pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Watlow states as follows.

## STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this Action under diversity jurisdiction.  The diversity statute grants this Court original jurisdiction over this Action because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1331. Consequently, this Northern District of California pursuant to 28 U.S.C. § 1441 because this is the judicial district where the action was filed and the case is pending.

## PROCEDURAL BACKGROUND

2.      On or about July 20, 2022, Plaintiff filed a civil complaint against Watlow in the Superior Court of the State of California in and for the County of Santa Clara, entitled *Semerau v Watlow Electric Manufacturing Company*, Case No. 22CV401627, which sets forth the following seven causes of action: (i) Perceived and/or Physical Disability Harassment, discrimination and retaliation; (ii) Perceived and/or Mental Disability Harassment, discrimination and retaliation; (iii) Harassment, discrimination and retaliation; (iv) Violation of California Labor Code Sections 232.5 and 6310 *et seq.*; (v) Unfair Business Practices; (vi) Wrongful Constructive Termination; and (vii) Declaratory Relief.  *See* attached **Exhibit A**.

3.      On the same day, Plaintiff filed a Civil Case Cover Sheet with the Clerk of the State Court.  *See* attached **Exhibit B**.

4.      On the same day, the Clerk of the State Court issued a Summons.  *See* attached **Exhibit C**.

5.      On August 5, 2022, Watlow filed its Answer to Plaintiff's Complaint

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

1   with the State Court.  *See* attached **Exhibit D**.[1]

2   6.      To Watlow's knowledge, no other process, pleadings, or orders related

3   to this case have been filed in, or issued by, the State Court or served by any party

4   other than as described above.   The attached Exhibits A through H satisfy the

5   requirements of 28 U.S.C. section 1446(a).

## THIS REMOVAL NOTICE IS TIMELY AND
## SATISFIES ALL PREREQUISITES

7.      Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action

or proceeding shall be filed within 30 days after the receipt by the defendant, through

service or otherwise" of the initial pleading or summons.  The 30 days for removal is

triggered once service occurs.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

526 U.S. 344, 354 (1999).

8.      Here, Watlow received a copy of the Complaint from Plaintiff's counsel

via email on July 28, 2022.  This Notice of Removal has been filed within thirty (30)

days after Watlow received a copy of the Summons and Complaint upon which this

action is based, and within thirty (30) days of the filing of the Complaint in state court

on or about July 20, 2022.  28 U.S.C. § 1446.

9.      Watlow has not made a prior application for this or similar relief.

10.     As required by 28 U.S.C. section 1446(d), Watlow will serve this Notice

of Removal on Plaintiff.  As required, Watlow will also promptly file a Notice of

Filing a Notice of Removal with the Clerk of the California Superior Court, County

of Santa Clara, which will advise the State Court of the removal.

## DIVERSITY JURISDICTION EXISTS

11.     Under 28 U.S.C. § 1332(a), a district court has original jurisdiction when

the controversy is between citizens of different states, and the amount in controversy

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

---

[1] At the time of filing this Notice of Removal, the Clerk of the state court had not docketed Watlow's Answer.

HB: 4875-5738-4492.1

exceeds $75,000.00, exclusive of interest and costs.

12.    This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because the citizenship of the real parties in interest is completely diverse, and the amount in controversy based on Plaintiff's claims and associated damages allegations exceeds the jurisdictional requirement of $75,000.00.

**A.    The Parties are Citizens of Different States**

13.    Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed.  28 U.S.C. § 1332(d)(7); *Strotek Corp. v. Air Transport Ass'n of Am.,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

14.    When filing the Complaint, Plaintiff alleged that he is a citizen of the state of California, in the County of Santa Clara.  *See* attached Exhibit A, ¶1.

15.    A corporation is a citizen of any state where it is incorporated and where its principal place of business is located.  28 U.S.C. § 1332(c).

16.    Watlow is a corporation organized under the laws of the state of Missouri.  Watlow's principal place of business also is located in state of Missouri.  None of the owners/members of Watlow are citizens of California.

17.    As a result, Watlow is not a citizen of California for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

18.    In determining whether a civil action is removable under 28 U.S.C. § 1332(a), the citizenship of defendants sued under fictitious ("DOE" Defendants) names shall be disregarded.  28 U.S.C. § 1441(b).  Thus, the presence of Doe Defendants does not impact diversity for removal purposes.

19.    Accordingly, since Plaintiff is a citizen of California, and Watlow is not a citizen of California, there is complete diversity between Plaintiff and Watlow.

**B.    Amount in Controversy**

20.    Pursuant to 28 U.S.C. § 1332, the amount in controversy based on Plaintiff's claims and damages allegations must exceed the jurisdictional requirement of $75,000.00.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

HB: 4875-5738-4492.1

21.    A court determines the jurisdictional amount based on the relief sought in the complaint.  The federal diversity jurisdiction statute, 28 U.S.C. § 1332(a), provides that the "amount-in-controversy requirement excludes only 'interest and costs.'"  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

22.    In determining the amount in controversy, the Court must assume Plaintiff will prevail on each of his claims.  *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe").

23.    A defendant must only make a plausible allegation of the amount in controversy.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy."  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010).  Under the "preponderance of the evidence" standard, the amount in controversy can incorporate assumptions, including the maximum amount "put into issue," as "the amount in controversy is simply an **estimate** of the **total** amount in dispute."  *Id.* at 400-01 (emphasis added).

24.    Although Watlow strongly denies Plaintiff's factual allegations and denies that Plaintiff is entitled to any of the relief for which he has prayed, it is clear that Plaintiff has put into controversy an amount "more likely than not" in excess of $75,000.00.

### i.    *Lost Wages*

25.    The Government Code prohibits various unlawful employment practices, including discrimination and retaliation.  Cal. Gov't Code § 12940.

26.    In the Complaint, Plaintiff alleges claims under the Government Code, the Fair Employment and Housing Act (the "FEHA") for "perceived" disability discrimination, failure to accommodate, failure to engage in the interactive process, failure to prevent discrimination, and retaliation.  *See* attached **Exhibit A**.

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

27.    Plaintiff alleges that he "loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained."  Exhibit A, Complaint, ¶¶16, 36, 51, 63, 75 & 92.  Plaintiff further alleges that because of Watlow's actions, Plaintiff has been forced to incur additional expenses and will continue to incur expenses of the same nature.  *Id.* at ¶¶19, 38, 53, 65, 77 & 94. Plaintiff requests general damages and special damages, including punitive or exemplary damages.  *Id.* at Prayer for Relief, page 25, ¶¶1-11.

28.    Plaintiff alleges Watlow employed him until his alleged "constructive" termination on June 6, 2022.  Exhibit A, Complaint, ¶4.  At the time of his resignation, Plaintiff's annual salary was $115,032.00 (One Hundred Fifteen Thousand and Thirty-Two Dollars and No Cents).

29.    The amount in controversy for determining jurisdiction is at least the amount of back pay at the time of removal.  *See, e.g.*, *Garfias v. Team Indus. Servs., Inc.*, No. LC CV 17-04282 JAK, 2017 WL 4512444, at *4 (C.D. Cal. Oct. 10, 2017).

30.    Assuming Plaintiff's salary remained consistent, his damages for lost wages from June 6, 2022, through the date of this Notice of Removal, would be approximately $19,172.00 (for two months, from June 6, 2022 until August 6, 2022). *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (past wage loss supported amount in controversy for diversity jurisdiction).

### ii.   *Emotional Distress*

31.    Plaintiff alleges he has suffered and continues to suffer extreme physical and emotional distress because of Watlow's actions.  Exhibit A, Complaint ¶¶21, 40, 55, 67, 79, 96 and Prayer for Relief, ¶1.

32.    Emotional distress damages are properly considered in the amount of controversy for jurisdiction purposes.  *Sasso*, 2015 WL 898468, at * 6; *see also*

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

*Simmons*, 209 F. Supp. 2d at 1031-35 (considering emotional distress damages when finding amount in controversy exceeded $75,000.00).   When analyzing emotional distress damages, courts in this district look to jury verdicts from similar cases.  *See Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018) (considering emotional distress damages when determining the amount in controversy to be more than $75,000.00 by looking at similar verdicts).

33.    Considering jury verdicts from similar cases, the amount in controversy for Plaintiff's emotional distress damages alone exceeds the necessary threshold for removal.  *See, Avila v. Kiewit Corporation*, Case No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *3-4 (C.D. Cal. Sept. 26, 2019) (including emotional distress damages in the amount in controversy calculation where verdicts in other employment discrimination cases awarded $45,000.00 and $125,000.00 for emotional distress damages).

34.    Thus, Plaintiff's alleged emotional distress damages exceed the jurisdictional threshold.

### iii.  *Punitive Damages*

35.    Plaintiff alleges that Watlow's alleged conduct was "wilful [sic], wanton, malicious intentional, oppressive and despicable and were done in wilful [sic] and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the  awarding of punitive and exemplary damages in an amount to be determined at the time of trial."  Exhibit A, Complaint ¶¶23, 42, 57, 69, 81, 98 and Prayer for Relief, p. 25, ¶10.

36.    "It is well established that punitive damages are part of the amount in controversy for purposes of establishing diversity jurisdiction."  *Sasso*, 2015 WL 898468, at *6 (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)) (internal quotations omitted).

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

HB: 4875-5738-4492.1

37.    Punitive damages in employment cases can be substantial.  *See Hurd v. Am. Income Life Ins.*, No. CV–13–05205 RSWL–MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013).

### iv.    *Attorneys' Fees*

38.    Plaintiff's Complaint seeks an award of reasonable attorneys' fees, costs, and interest.  Exhibit A, Complaint ¶¶17, 24, 36, 43, 51, 58, 63, 70, 75, 82, 92, 99, 106 and Prayer for Relief, p. 25, ¶5, 6 & 8.

39.    When an underlying statute authorizes an award of attorneys' fees, the fees may be included in the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Here, the Government Code authorizes an award of attorneys' fees for claims brought under Government Code section 12940.  Cal. Gov't Code § 12965.  The fees may include all fees that would accrue through the time the action is resolved.  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  District courts may properly rely on their expertise in determining whether the amount in controversy, including attorneys' fees, exceeds the jurisdictional threshold.  *Id.*, 899 F.3d at 795.

40.    Courts have held that a reasonable rate for employment cases is $300.00 per hour, and 100 hours is an appropriate and conservative estimate of the number of hours expended through trial for an employment action.  *Adkins*, 293 F.  Supp. 3d at 1147 ("Accordingly, the court will consider a reasonable and conservative estimate of the attorney's fees at the time of removal would be $30,000."); *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1472 (9th Cir. 1995) (affirming $724,380.00 in attorneys' fees in FEHA and ADEA case); *Arroyo v. Svela*, 2012 U.S. Dist. LEXIS 113725, at *4-5 (C.D. Cal. Aug. 13, 2012) (finding hourly rate of $425 reasonable in an employment case, and a total fee award of $48,660 for 113 hours through bench trial reasonable).

/ / /

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

41.    The Court should consider at least **$30,000.00** in attorneys' fees to determine the amount in controversy for establishing jurisdiction. *See Adkins*, 293 F. Supp. 3d at 1147.

### v.    *The Value of Injunctive Relief*

42.    In his Complaint (*see* Prayer for Relief, p. 25, ¶7), Plaintiff seeks "a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes."

43.    In actions seeking injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).  Here, the cost of compliance with the injunctions issued by the Court, if at all, would be a good measure of the amount in controversy relevant to the injunctive relief.  If the Court issues the injunctions Plaintiff seeks, such injunctions would require Watlow to implement substantial changes to its policies and procedures, and overall employment practices, which would come at a huge cost in attorney's fees, and other logistical costs of implementing the new policies, including but not limited to, training employees and managers on the new policies.  If counsel for Watlow, Tyler Paetkau, spends 10 hours reviewing and revising such policies, and at least five hours preparing for and conducting training at Watlow's request, that would add at least $5,250 to the amount in controversy, calculated at a substantially discounted billing rate of $350.00.

/ / /

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

### vi.   *Total Amount in Controversy*

44.     The amount in controversy for purposes of jurisdiction is the total amount at stake in the litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

45.     Given the number of claims, the broad and open-ended nature of the allegations Plaintiff makes of a "pattern and practice" of unlawful employment practices, the allegations of Watlow's violations of the law and the compensatory and punitive damages Plaintiff seeks in light of such conduct, the attorneys' fees, the nonmonetary relief and the potential cost of compliance with any injunction the Court may issue, Watlow has a good faith belief that the total amount in controversy far exceeds $100,000.00, which exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1446(c)(2)(A)(i); 28 U.S.C. § 1332(a).

46.     Consequently, even though Plaintiff does not provide any readily ascertainable amounts, Plaintiff's broad allegations, as explained above, demonstrate that the amount in controversy far exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) ("By choosing to over plead in his complaint, plaintiff has chosen to accept the risk that he will plead himself into federal court").

47.     Because it is facially apparent from the Complaint and other matter submitted in this Notice of Removal, Watlow has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

### **CONCLUSION**

48.     Based on the foregoing, this matter is subject to the original jurisdiction of the Court, under 28 U.S.C. section 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. sections 1441 and 1446.

WHEREFORE, Watlow respectfully requests that the matter filed in the Superior Court of California, County of Santa Clara and captioned as *Brandon*

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

HB: 4875-5738-4492.1

*Semerau v. Watlow Electric Manufacturing Corporation*, Case No. 22CV401627, be removed to the United States District Court for the Northern District of California.

Dated:  August 8, 2022                    Respectfully submitted,

                                                 HUSCH BLACKWELL LLP


                                                 By:      */s/ Tyler M. Paetkau*
                                                    Tyler M. Paetkau
                                                    **Attorneys for Defendant**
                                                    WATLOW ELECTRIC MANUFACTURING COMPANY

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446

HB: 4875-5738-4492.1

# EXHIBIT A

E-FILED
7/20/2022 11:37 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV401627
Reviewed By: R. Cachux

1 | TARA J. LICATA, ESQ. (State Bar No. 266111)
tlicata@mamlaw.net
2 | PAMELA A. TRIPLETT, ESQ. (State Bar No. 310232)
ptriplett@mamlaw.net
3 | ALEX HADJIAN, Esq., State Bar No. 327534
ahadjian@mamlaw.net
4 | **MANCINI & ASSOCIATES**
A Professional Law Corporation
5 | 15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
6 | (818) 783-5757   Phone
(818) 783-7710   Fax
7 |
8 | Attorneys for Plaintiff **BRANDON SEMERAU**

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF SANTA CLARA** 22CV401627

11 | BRANDON SEMERAU,                                      )   Case No.
                                                        )
12 |                         Plaintiff,                   )   **PLAINTIFF'S COMPLAINT FOR**
                                                        )   **DAMAGES**
13 |         vs.                                          )
                                                        )
14 |                                                      )   **(1)   FOR PERCEIVED AND/OR**
                                                        )         **PHYSICAL DISABILITY**
15 | WATLOW ELECTRIC MANUFACTURING              )         **HARASSMENT,**
     COMPANY;                                             )         **DISCRIMINATION AND**
16 | and DOES 1 through 100, Inclusive,          )         **RETALIATION IN VIOLATION**
                                                        )         **OF CALIFORNIA**
17 |                         Defendants.                  )         **GOVERNMENT CODE §§12940**
                                                        )         **ET SEQ. [FEHA];**
18 |                                                      )
                                                        )
19 |                                                      )   **(2)   FOR PERCEIVED AND/OR**
                                                        )         **MENTAL DISABILITY**
20 |                                                      )         **HARASSMENT,**
                                                        )         **DISCRIMINATION AND**
21 |                                                      )         **RETALIATION IN VIOLATION**
                                                        )         **OF CALIFORNIA**
22 |                                                      )         **GOVERNMENT CODE §§12940**
                                                        )         **ET SEQ. [FEHA];**
23 |                                                      )
                                                        )   **(3)   FOR HARASSMENT,**
24 |                                                      )         **DISCRIMINATION AND**
                                                        )         **RETALIATION IN VIOLATION**
25 |                                                      )         **OF CALIFORNIA**
                                                        )         **GOVERNMENT CODE**
26 |                                                      )         **§§12945.2 ET SEQ. [CFRA];**
                                                        )
27 |                                                      )   **(4)   FOR VIOLATION OF LABOR**
                                                        )         **CODE §§232.5 and 6310 ET**
28 |                                                      )         **SEQ. [Unsafe**
                                                        )         **Workplace/Workplace**
                                                        )         **Conditions];**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1        )    **(5)**   **FOR VIOLATION OF**
2        )            **CALIFORNIA BUSINESS AND**
          )            **PROFESSIONS CODE §17200**
3        )            **ET. SEQ. [Unfair Business**
          )            **Practices];**
4        )    **(6)**   **FOR WRONGFUL**
          )            **CONSTRUCTIVE**
5        )            **TERMINATION IN**
          )            **VIOLATION OF PUBLIC**
6        )            **POLICY**
7        )    **(7)**   **FOR DECLARATORY RELIEF**
8        )            **JURY TRIAL DEMANDED**
9        )            **UNLIMITED JURISDICTION:**
          )            **CASE VALUE IN EXCESS OF**
10       )            **$25,000.00**
11       )

12      **COMES NOW** Plaintiff **BRANDON SEMERAU** (hereinafter referred to as

13 "SEMERAU" or "Plaintiff") and complains against the above-named Defendants and for causes

14 of action against the Defendants, and each of them, alleges as follows:

**I.**

**FIRST CAUSE OF ACTION**

**(For Perceived and/or Physical Disability**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

21      1.     At all times mentioned herein, Plaintiff was, and now is, an individual

22 residing in the County of Santa Clara, State of California.

23      2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant

24 herein, Defendant WATLOW ELECTRIC MANUFACTURING COMPANY (hereinafter referred

25 to as "Defendants") were, and now are, valid businesses of form unknown duly organized and

26 existing under the laws of the State of California, having its principal place of business in the

27 County of Santa Clara, State of California.

28 ///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, integrated enterprise, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

4.     At all times herein mentioned, until Plaintiff's wrongful termination on or about June 6, 2022, Plaintiff was employed by Defendants and each of them, including as a ADD, by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

5.     At all times hereinalleged, Plaintiff had the perceived and/or physical disabilities of chest pain and associated conditions, coughing and breathing issues and associated conditions, and eye injuries and associated conditions.

6.     Beginning in or around 2022, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disabilities of chest pain and associated conditions, coughing and breathing issues and associated conditions, and eye injuries and associated conditions.

7.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's perceived/ and physical disabilities.

8.     Plaintiff made and/or articulated a Worker's Compensation claim(s).

9.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

10.     Defendants, and each of them, failed to engage in a good faith interactive process with Plaintiff to determine the extent of his disabilities and failed to determine whether Plaintiff needed and/or required any reasonable accommodation(s).

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

11.     On or about June 6, 2022, Defendants, and each of them, retaliated against and wrongfully constructively terminated Plaintiff by creating, or allowing to exist, such intolerable working conditions and permitting perceived and/or physical and/or mental disabilities and protected activity harassment, discrimination and retaliation, such that a reasonable person in Plaintiff's position would have not had any other option but to resign and/or be constructively terminated.

12.     Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, replaced Plaintiff with a non-disabled individual(s).

13.     Beginning in or around 2022, and continuing at least until June 6, 2022, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the following continuous actions, and conduct, among others:

a.     Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.     Failing to take any affirmative steps to inform Plaintiff of any job opportunities within the company;

c.     Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s);

d.     Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

e.     On or about June 6, 2022, Defendants, and each of them, retaliated against and wrongfully constructively terminated Plaintiff by creating, or allowing to exist, such intolerable working conditions, including but not limited to an unsafe workplace and permitting perceived and/or physical and/or mental disabilities and protected activity harassment, discrimination and retaliation, such that a reasonable person in Plaintiff's position would have not had any other option but to resign and/or be constructively terminated;

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

f.      Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual(s);

g.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and or mental disability(s);

h.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as hereinalleged;

i.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and or physical disability(s);

j.      Failing to rehire and/or reemploy Plaintiff.

14.     The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or physical disabilities and the prohibition of perceived and/or physical disability harassment, discrimination and retaliation.  Said statutes were intended to prevent the type of injury and damage herein set forth.  Plaintiff was, at all times material hereto, an employee with a perceived and/or physical disability(s), and within the protected class covered by California Government Code §12940, prohibiting perceived and/or physical disability harassment, discrimination and retaliation in employment.

15.     By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and discrimination.  The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

16.     Plaintiff filed timely charges and complaints of retaliation, harassment and discrimination in violation of the Family Rights Act with the California Department of Fair Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff to bring this legal action. Attached hereto and incorporated herein as Exhibit "**A**" are said Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made a part hereof.

17.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

18.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

19.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

20.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

1  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

2  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

3  loss of earnings at the time of trial.

4        21.    As a further direct and legal result of the acts and conduct of Defendants, as

5  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

6  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

7  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

8  plaintiff, who will pray leave of court to assert the same when they are ascertained.

9        22.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

10  this court.

11        23.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

12  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

13  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

14  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

15  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

16  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17        24.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

18  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

19  provided in California Government Code § 12965(b).

20  **II.**

21  **SECOND CAUSE OF ACTION**

22  **(For Perceived and/or Mental Disability**

23  **Harassment, Discrimination and Retaliation in Employment**

24  **[California Government Code §12940 et seq.]**

25  **Against All Defendants and DOES 1 Through 100, Inclusive)**

26        25.    Plaintiff incorporates herein by reference Paragraphs 1 through 24 as though set

27  forth in full herein.

28  / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

26.     At all times hereinalleged, Plaintiff had the perceived and/or mental disabilities of anxiety, stress, depression and associated conditions and others.

27.     Beginning in or around 2022, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disabilities of anxiety, and associated conditions and others.

28.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's perceived/ and mental disabilities.

29.     Plaintiff made and/or articulated a Worker's Compensation claim(s).

30.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

31.     Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, replaced Plaintiff with a non-disabled individual(s).

32.     Beginning in or around 2022, and continuing at least until June 6, 2022, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or mental disability(s), by the following continuous actions, and conduct, among others:

    a.     Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

    b.     Failing to take any affirmative steps to inform Plaintiff of any job opportunities within the company;

    c.     Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s);

    d.     Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

    e.     On or about June 6, 2022, Defendants, and each of them, retaliated against and wrongfully constructively terminated Plaintiff by creating, or allowing to exist, such intolerable working conditions, including but not limited to an unsafe workplace and permitting perceived and/or physical and/or mental disabilities and protected activity harassment, discrimination and retaliation, such that a reasonable

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1      person in Plaintiff's position would have not had any other option but to resign

2      and/or be constructively terminated;

3   f.      Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

4      them, replaced Plaintiff with and/or kept and/or treated more favorably a non-

5      disabled individual(s);

6   g.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's

7      perceived and or physical disability(s);

8   h.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff

9      requesting and/or taking and/or being entitled to CFRA and/or other lawful medical

10     leave, as hereinalleged;

11  i.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's

12     perceived and or physical disability(s);

13  j.      Failing to rehire and/or reemploy Plaintiff.

14  33.     The acts and conduct of Defendants, and each of them, as aforesaid, was in

15  violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon

16  Defendants, and each of them, concerning harassment, discrimination and retaliation against

17  persons, such as Plaintiff, on the basis of perceived and/or mental disabilities and the prohibition of

18  perceived and/or mental disability harassment, discrimination and retaliation.  Said statutes were

19  intended to prevent the type of injury and damage herein set forth.  Plaintiff was, at all times

20  material hereto, an employee with a perceived and/or mental disability(s), and within the protected

21  class covered by California Government Code §12940, prohibiting perceived and/or physical

22  disability harassment, discrimination and retaliation in employment.

23  34.     By the acts and conduct described above, Defendants, and each of them, in violation

24  of said statutes, knew about, or should have known about, and failed to investigate and/or properly

25  investigate, prevent or remedy the perceived and/or mental disability harassment, retaliation and

26  discrimination.  The acts of discrimination, retaliation and harassment described herein were

27  sufficiently pervasive so as to alter the conditions of employment, and created an abusive working

28  environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

1  perceived and/or mental disability(s) and/or complaints about the unlawful conduct were a

2  substantial factor motivating and/or motivating reasons in Defendants' conduct.

3       35.    Plaintiff filed  timely charges and complaints of retaliation, harassment and

4  discrimination in violation of the Family Rights Act with the California Department of Fair

5  Employment and Housing pursuant to California <u>Government Code</u> §12965(b), permitting Plaintiff

6  to bring this legal action. Attached hereto and incorporated herein as Exhibit "**A**" are said

7  Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated

8  herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made a part hereof.

9       36.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

10  been directly and legally caused to suffer actual damages pursuant to California <u>Civil Code</u> §3333

11  including, but not limited to, loss of earnings and future earning capacity, medical and related

12  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

13  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

14  ascertained.

15       37.    As a direct and legal result of the acts and omissions of Defendants, and each of

16  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

17  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

18  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

19  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

20  time know the exact duration or permanence of said injuries, but is informed and believes, and

21  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

22       38.    As a further legal result of the acts and omissions of the Defendants, and each of

23  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

24  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

25  she will in the future be forced to incur additional expenses of the same nature, all in an amount

26  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

27  expenses at the time of trial.

28  / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

39.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

40.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

41.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

42.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

43.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

### III.

### THIRD CAUSE OF ACTION

**(For Violation of the Family Rights Act**

**[California Government Code § 12945.2]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

44.     Plaintiff incorporates herein by reference Paragraphs 1 through 43 as though set

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  forth in full herein.

2      45.    Plaintiff was an employee of Defendants who qualified for leave due to physical

3  disability(s) pursuant to California Government Code §12945.2 et seq.

4      46.    Plaintiff was an employee of Defendants who qualified for leave due to mental

5  disability(s) pursuant to California Government Code §12945.2 et seq.

6      47.    At all times herein mentioned, Defendants were  "Employer[s]" within the

7  definition of Government Code §12945.2, in that Defendants regularly employed 50 or more

8  people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave

9  protection than CFRA.

10      48.    Beginning in or around 2022, and continuing at least through June 6, 2022, and

11  continuing, Defendants and DOES 1 through 100, and each of them, interfered with, denied and/or

12  retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family

13  Rights and Family Care and Medical Leave, by the following actions, among others:

14          a.    Defendants, and each of them, harassed, discriminated against and retaliated against

15              Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

16          b.    Defendants and each of them, retaliated against and wrongfully constructively

17              terminated Plaintiff because of Plaintiff's entitlement and/or request and/or taking

18              of the right to medical leave in violation of Government Code §12945.2 et seq. by,

19              amongst others, failing to return Plaintiff to work and/or terminating Plaintiff.

20      49.    By the acts and conduct described above, Defendants, and each of them, in violation

21  of said statutes, knew about, or should have known about, and failed to investigate and/or properly

22  investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights

23  Act.  The acts of discrimination described herein were sufficiently pervasive so as to alter the

24  conditions of employment, and created an abusive working environment.  Plaintiff's request and/or

25  taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful

26  conduct were motivating reasons in Defendants' conduct.

27      50.    Plaintiff filed  timely charges and complaints of retaliation, harassment and

28  discrimination in violation of the Family Rights Act with the California Department of Fair

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff

2   to bring this legal action. Attached hereto and incorporated herein as Exhibit "**A**" are said

3   Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated

4   herein as Exhibit "**B**" are said Right to Sue Notices and by reference hereto are made a part hereof.

5        51.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

6   been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

7   including, but not limited to, loss of earnings and future earning capacity, medical and related

8   expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

9   loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

10  ascertained.

11       52.    As a direct and legal result of the acts and omissions of Defendants, and each of

12  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

13  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

14  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

15  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

16  time know the exact duration or permanence of said injuries, but is informed and believes, and

17  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

18       53.    As a further legal result of the acts and omissions of the Defendants, and each of

19  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

20  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

21  she will in the future be forced to incur additional expenses of the same nature, all in an amount

22  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

23  expenses at the time of trial.

24       54.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

26  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

1  loss of earnings at the time of trial.

2      55.    As a further direct and legal result of the acts and conduct of Defendants, as

3  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

4  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

5  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

6  plaintiff, who will pray leave of court to assert the same when they are ascertained.

7      56.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

8  this court.

9      57.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

10  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

11  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

12  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

13  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

14  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

15      58.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

16  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

17  provided in California Government Code § 12965(b).

18                                  **IV.**

19                      **FOURTH CAUSE OF ACTION**

20              **(For Violation of Labor Code §§232.5 and 6310 et seq.**

21                  **[Unsafe Workplace/Workplace Conditions]**

22  **Against Defendants St. John's Community Health, St. John's Well Child and Family Center,**

23          **St. John's , and DOES 1-100, Inclusive) and DOES 1 -100, Inclusive)**

24      59.    Plaintiff incorporates herein by reference Paragraphs 1 through 58 of this Complaint

25  as though set forth in full herein.

26      60.    During Plaintiff's employment, Plaintiff made complaints and/or protests and/or

27  disclosures to Defendants, and each of them, of actual and/or potential violations of California

28  Labor Code §§232.5 and 6310, in that Plaintiff and other employees were being subjected to an

1  unsafe workplace and environment, including, but not limited to Defendants, and each of them.

2      61.    On or about June 6, 2022, Defendants, and each of them, retaliated against and

3  wrongfully terminated Plaintiff for complaining about an unsafe workplace and environment and

4  dangerous working conditions , including but not limited to, Defendants, and each of them, not

5  adhering to proper safety protocols and procedures in connection to COVID. Plaintiff's complaints

6  of an unsafe workplace and unsafe working conditions was/were a contributing factor(s) and/or

7  reason(s) in Plaintiff's constructive termination.

8      62.    Defendants actions violated California Labor Code §§232.5 and 6310, which

9  prohibit retaliating, discriminating and/or wrongfully terminating an employee for that employee's

10  refusal to participate in unsafe work practices and conditions and/or complaining about unsafe

11  work practices and conditions.

12      63.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

13  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

14  including, but not limited to, loss of earnings and future earning capacity, medical and related

15  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

16  loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when

17  ascertained.

18      64.    As a direct and legal result of the acts and omissions of Defendants, and each of

19  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

20  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

21  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the Plaintiff,

22  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

23  time know the exact duration or permanence of said injuries, but is informed and believes, and

24  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

25      65.    As a further legal result of the acts and omissions of the Defendants, and each of

26  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

27  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

28  she will in the future be forced to incur additional expenses of the same nature, all in an amount

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

2  expenses at the time of trial.

3        66.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

4  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

5  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

6  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

7  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

8  loss of earnings at the time of trial.

9        67.    As a further direct and legal result of the acts and conduct of Defendants, as

10  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

11  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

12  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

13  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

14        68.    Plaintiff  has been generally damaged in an amount within the jurisdictional limits

15  of this court.

16        69.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

17  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

18  of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

19  Defendants, and each of them, and DOES 1 through 100, and with the express knowledge, consent,

20  and ratification of managerial agents and employees of Defendants, and each of them, and DOES 1

21  through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to

22  be determined at the time of trial.

23        70.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

24  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

25  provided in California Code Of Civil Procedure §1021.5.

26  / / /

27  / / /

28  / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## V.

### FIFTH CAUSE OF ACTION

**(Violation Of California Business and Professions Code §17200**

**(Unfair Business Practices)**

**Against Defendants St. John's Community Health, St. John's Well Child and Family Center,**

**St. John's , and DOES 1-100, Inclusive) and DOES 1 -100, Inclusive)**

71.     Plaintiff incorporates herein by reference Paragraphs 1 through 70 of this Complaint as though set forth in full herein.

72.     California Business and Professions Code §17200 et seq. prohibits unfair business practices by employers including, but not limited to, failing and/or refusing to provide a safe work environment and workplace in violation of California Labor Code §§232.5 and 6310, et seq., California Business and Professions Code §17200 et seq.

73.     During the period of Plaintiff's employment, and continuing, Plaintiff made complaints to Defendants, and each of them, of Defendants' unfair business practices employees, managers, supervisors and managing agents of Defendants, including, but not limited to failing and/or refusing to provide a safe work environment.

74.     On or about June 6, 2022, Defendants, and each of them, retaliated against and wrongfully constructively terminated Plaintiff by creating, or allowing to exist, such intolerable working conditions, including but not limited to an unsafe workplace and permitting perceived and/or physical and/or mental disabilities and protected activity harassment, discrimination and retaliation, such that a reasonable person in Plaintiff's position would have not had any other option but to resign and/or be constructively terminated.

75.     By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

76.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

77.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

78.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that he will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

79.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

80.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

81.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

1  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

2  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

3  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

4  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

5    82.   As a result of the discriminatory acts of Defendants, and each of them, as alleged

6  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

7  provided in California Code of Civil Procedure §1021.5 and California Business and Professions

8  Code §17200 et seq.

9    83.   As a result of the discriminatory acts of Defendants, and each of them, as alleged

10  herein, Plaintiff is entitled to multiple damages as specifically provided in California Business and

11  Professions Code §17200 et seq.

12                              **VI.**

13                    **SIXTH CAUSE OF ACTION**

14  **(For Retaliation and Wrongful Constructive Termination in Violation of Public Policy**

15  **Against Defendants KADIMA SECURITY SERVICES, INC., and DOES 1 -100, Inclusive)**

16    84.   Plaintiff incorporates herein by reference Paragraphs 1 through 83 as though set

17  forth in full herein.

18    85.   On or about June 6, 2022, Defendants, and each of them, retaliated against and

19  wrongfully constructively terminated Plaintiff by creating, or allowing to exist, such intolerable

20  working conditions, including but not limited to an unsafe workplace and permitting perceived

21  and/or physical and/or mental disabilities and protected activity harassment, discrimination and

22  retaliation, such that a reasonable person in Plaintiff's position would have not had any other

23  option but to resign and/or be constructively terminated.

24    86.   At all times herein mentioned, the public policy of the State of California, as

25  codified, expressed and mandated in California Government Code §12940 was to prohibit

26  employers from discriminating, harassing, and retaliating against any individual based on

27  perceived and/or physical disability. This public policy of the State of California is designed to

28  protect all employees and to promote the welfare and well-being of the community at large.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

2  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,

3  retaliation and  harassment, was wrongful and in contravention and violation of the express public

4  policy of the State of California, to wit, the policy set forth in California Government Code §12940

5  et seq., and the laws and regulations promulgated thereunder.

6       87.    At all times herein mentioned, the public policy of the State of California, as

7  codified, expressed and mandated in California Government Code §12940 was to prohibit

8  employers from discriminating, harassing, and retaliating against any individual based on

9  perceived and/or mental disability. This public policy of the State of California is designed to

10  protect all employees and to promote the welfare and well-being of the community at large.

11  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

12  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,

13  retaliation and  harassment, was wrongful and in contravention and violation of the express public

14  policy of the State of California, to wit, the policy set forth in California Government Code §12940

15  et seq., and the laws and regulations promulgated thereunder.

16       88.    At all times herein mentioned, the public policy of the State of California, as

17  codified, expressed and mandated in California Government Code §12945.2 was to prohibit

18  employers from discriminating and retaliating against any individual based on their taking,

19  requesting or needing Family Medical Leave.  This public policy of the State of California is

20  designed to protect all employees and to promote the welfare and well-being of the community at

21  large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

22  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination

23  and retaliation, was wrongful and in contravention and violation of the express public policy of the

24  State of California, to wit, the policy set forth in California Government Code §12945.2 et seq.,

25  and the laws and regulations promulgated thereunder.

26       89.    At all times herein mentioned, the public policy of the State of California, as

27  codified, expressed and mandated in California Labor Code §§232.5 and 6310, was to prohibit

28  employers from discriminating against, retaliating against and terminating any individual on the

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  grounds of their complaining, protesting or reporting what they reasonably and in good faith

2  believed was an unsafe workplace including, but not limited to, unsafe working conditions

3  consisting of potential workplace accidents and injuries; and others or refusing to commit an

4  unlawful act.  This public policy of the State of California is designed to protect all employees and

5  to promote the welfare and well being of the community at large.  Accordingly, the actions of

6  Defendants, and each of them, in discriminating, harassing and retaliating and terminating Plaintiff

7  on the grounds alleged and described herein were wrongful and in contravention and violation of

8  the express public policy of the State of California, to wit, the policy set forth in California Labor

9  Code §§232.5 and 6310 et seq., and the laws and regulations promulgated thereunder.

10        90.     At all times herein mentioned, the public policy of the State of California, as

11  codified, expressed and mandated in California Labor Code §1102.5, was to prohibit employers

12  from discriminating against, retaliating against and terminating any individual on the grounds of

13  their complaining, protesting or reporting what they reasonably and in good faith believed were

14  potential and/or actual violations of State or Federal law, i.e., unsafe workplace including, but not

15  limited to, unsafe working conditions consisting of potential workplace accidents and injuries in

16  violation of California Labor Code §§232.5 and 6310; and others or refusing to commit an

17  unlawful act.  This public policy of the State of California is designed to protect all employees and

18  to promote the welfare and well being of the community at large.  Accordingly, the actions of

19  Defendants, and each of them, in discriminating, harassing and retaliating and terminating Plaintiff

20  on the grounds alleged and described herein were wrongful and in contravention and violation of

21  the express public policy of the State of California, to wit, the policy set forth in California Labor

22  Code §1102.5 et seq., and the laws and regulations promulgated thereunder.

23        91.     At all times herein mentioned, the public policy of the State of California, as

24  codified, expressed and mandated in California Labor Code § 1102.5, was to prohibit employers

25  from discriminating against, retaliating against and terminating any individual on the grounds of

26  their complaining of unlawful activity or refusing to commit an unlawful act, i.e. Defendants'

27  unfair business practices in violation of California Business and Professions Code §17200 et seq

28  (Unfair Business Practices). This public policy of the State of California is designed to protect all

1  employees and to promote the welfare and well being of the community at large.  Accordingly, the

2  actions of Defendants, and each of them, in discriminating, harassing and retaliating and

3  constructively terminating Plaintiff on the grounds alleged and described herein were wrongful and

4  in contravention and violation of the express public policy of the State of California, to wit, the

5  policy set forth in California Labor Code §1102.5,  et seq., and the laws and regulations

6  promulgated thereunder.

7       92.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

8  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

9  including, but not limited to, loss of earnings and future earning capacity, medical and related

10  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

11  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

12  ascertained.

13       93.     As a direct and legal result of the acts and omissions of Defendants, and each of

14  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

15  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

16  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

17  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

18  time know the exact duration or permanence of said injuries, but is informed and believes, and

19  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

20       94.     As a further legal result of the acts and omissions of the Defendants, and each of

21  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

22  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

23  she will in the future be forced to incur additional expenses of the same nature, all in an amount

24  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

25  expenses at the time of trial.

26       95.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

27  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

28  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
2  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of
3  loss of earnings at the time of trial.

4       96.     As a further direct and legal result of the acts and conduct of Defendants, as
5  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
6  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
7  discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to
8  plaintiff, who will pray leave of court to assert the same when they are ascertained.

9       97.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of
10  this court.

11      98.     The aforementioned acts of Defendants, and each of them, were wilful, wanton,
12  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
13  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of
14  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of
15  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the
16  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

17      99.     As a result of the discriminatory acts of Defendants, and each of them, as alleged
18  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically
19  provided in California Code of Civil Procedure §1021.5.

20                                      **VII.**

21                          **SEVENTH CAUSE OF ACTION**

22          **(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

23      100.    Plaintiff incorporates herein by reference Paragraphs 1 through 99 as though set
24  forth in full herein.

25      101.    Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a
26  trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding
27  Declaration of Rights and Duties pursuant to the ruling in *Harris v. City of Santa Monica*, (2013)
28  56 C.4th 203, declaring that Defendants, and each of them, their successors, agents,

1   representatives, employees and all persons who acted alone, or in concert with said Defendants,

2   and each of them,  committed acts and conduct of harassment, discrimination, retaliation, or other

3   similar acts including, but not limited to, the violations alleged in all of the relevant Causes of

4   Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as

5   prohibited by the Fair Employment and Housing Act, California Government Code §§12900 -

6   12996, and any other applicable laws, cases, codes, regulations and statutes.

7       102.    At the time of the request for Declaratory Relief, there exists and/or will exist a

8   present and actual controversy among the parties.

9       103.    This Complaint, and the relevant causes of action herein, specifically plead an

10  actual, present controversy, and the facts of the respective and underlying claims.

11      104.    At the time of the request for Declaratory Relief, the facts of this case will have

12  congealed to the point that the Court can determine issues and grant relief through Declaratory

13  Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

14      105.    As a result of the wrongful acts of Defendants, and each of them, as alleged herein,

15  Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and

16  each of them, their successors, agents, representatives, employees and all persons who acted alone,

17  or in concert with said Defendants, and each of them, from committing acts and conduct of

18  harassment, discrimination, retaliation, or other similar acts including, but not limited to, the

19  violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the

20  time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act,

21  California Government Code §§12900 - 12996, and any other applicable laws, cases, codes,

22  regulations and statutes.

23      106.    As a result of the wrongful conduct of Defendants, and each of them, as alleged

24  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

25  provided in California Government Code § 12965(b) and as specifically mentioned in *Harris  v.*

26  *City of Santa Monica*, (2013) 56 C.4th 203.

27  / / /

28  / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    **WHEREFORE**, Plaintiff **BRANDON SEMERAU** prays for judgment against the
2    Defendants, and each of them, as follows:

3         1.    For general damages in an amount within the jurisdictional limits of this
4               Court;

5         2.    For medical expenses and related items of expense, according to proof;

6         3.    For loss of earnings, according to proof;

7         4.    For loss of earning capacity, according to proof;

8         5.    For reasonable attorneys' fees and costs of said suit as specifically provided
9               in California Government Code §12965 (b), according to proof;

10        6.    For reasonable attorneys' fees and costs of said suit as specifically provided
11              in California Code of Civil Procedure §1021.5, according to proof;

12        7.    For a permanent injunction against Defendants, and each of them, their
13              successors, agents, representatives, employees and all persons who acted
14              alone, or in concert with said Defendants, and each of them, from
15              committing acts and conduct of harassment, discrimination, retaliation, or
16              other similar acts including, but not limited to, the violations alleged in all of
17              the relevant Causes of Action herein, and as proved and/or shown at the time
18              of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment
19              and Housing Act, California Government Code §§12900 - 12996, and any
20              other applicable laws, cases, codes, regulations and statutes;

21        8.    For reasonable attorneys' fees and costs of said suit as specifically
22              mentioned in *Harris  v. City of Santa Monica*, (2013) 56 C.4th 203;

23        9.    For prejudgment interest according to proof;

24        10.   For punitive and exemplary damages, according to proof;

25        11.   For costs of suit incurred herein; and

26    / / /
27    / / /
28    / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1        12.      For such other and further relief as the court may deem just and proper.

2

3   Dated: July 20, 2022                           MANCINI & ASSOCIATES
                                                   A Professional Law Corporation
4

5                                                  By:_____
6                                                      TARA J. LICATA, ESQ.
                                                       Attorneys for Plaintiff
7                                                      **BRANDON SEMERAU**

8

9

10                              **DEMAND FOR JURY TRIAL**

11

12        Plaintiff **BRANDON SEMERAU** hereby demands trial by jury.

13

14   Dated: July 20, 2022                          MANCINI & ASSOCIATES
                                                    A Professional Law Corporation
15

16                                                  By:_____
17                                                      TARA J. LICATA, ESQ.
                                                        Attorneys for Plaintiff
18                                                      **BRANDON SEMERAU**

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Brandon Semerau

DFEH No. 202207-17635719

Complainant,

vs.

WATLOW ELECTRIC MANUFACTURING COMPANY
6781 Via Del Oro
San Jose, CA 95119

Respondents

_____

**1.** Respondent **WATLOW ELECTRIC MANUFACTURING COMPANY** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Brandon Semerau**, resides in the City of **San Jose**, State of **CA.**

**3.** Complainant alleges that on or about **June 6, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated,

-1-

Date Filed: July 19, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Additional Complaint Details:** Beginning in 2022, and continuing at least until 6/6/22, and continuing, I was harassed, discriminated and retaliated against based upon perceived and/or physical disabilities (chest pain, coughing, breathing issues, eye injuries and associated conditions, (irritation, blurred vision and pain)  and my perceived and/or mental disabilities (anxiety, stress and depression).

-2-
*Complaint – DFEH No. 202207-17635719*

Date Filed: July 19, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1   VERIFICATION

2   I, **Tara J. Licata, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read
3   the foregoing complaint and know the contents thereof.   The matters alleged are
    based on information and belief, which I believe to be true.

4
    On July 19, 2022, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                                **Sherman Oaks, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                      -3-
                          *Complaint – DFEH No. 202207-17635719*
27
    Date Filed: July 19, 2022
28
                                                    Form DFEH-ENF 80 RS (Revised 02/22)

# EXHIBIT "B"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 19, 2022

Brandon Semerau
1596 Mission Springs Circle
San Jose, CA 95131

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202207-17635719
      Right to Sue: Semerau / WATLOW ELECTRIC MANUFACTURING COMPANY

Dear Brandon Semerau:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective July 19, 2022 because
an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in DFEH's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in DFEH's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
DFEH's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number
indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

July 19, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202207-17635719
      Right to Sue: Semerau / WATLOW ELECTRIC MANUFACTURING COMPANY

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Brandon Semerau                                    DFEH No. 202207-17635719

                                 Complainant,

vs.

WATLOW ELECTRIC MANUFACTURING COMPANY
6781 Via Del Oro
San Jose, CA 95119

                                 Respondents

_____

**1.** Respondent **WATLOW ELECTRIC MANUFACTURING COMPANY** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Brandon Semerau**, resides in the City of **San Jose,** State of **CA.**

**3.** Complainant alleges that on or about **June 6, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated,

-1-
*Complaint – DFEH No. 202207-17635719*

Date Filed: July 19, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  reprimanded, suspended, denied any employment benefit or privilege, denied reasonable
   accommodation for a disability, denied work opportunities or assignments, denied family
2  care or medical leave (cfra).

3

4  **Additional Complaint Details:** Beginning in 2022, and continuing at least until 6/6/22, and
   continuing, I was harassed, discriminated and retaliated against based upon perceived
   and/or physical disabilities (chest pain, coughing, breathing issues, eye injuries and
5  associated conditions, (irritation, blurred vision and pain)  and my perceived and/or mental
   disabilities (anxiety, stress and depression).
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -2-
                        *Complaint – DFEH No. 202207-17635719*
27
   Date Filed: July 19, 2022
28
                                                    Form DFEH-ENF 80 RS (Revised 02/22)

1  VERIFICATION

2  I, **Tara J. Licata, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read

3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4  On July 19, 2022, I declare under penalty of perjury under the laws of the State of

5  California that the foregoing is true and correct.

6                                                                      **Sherman Oaks, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-
                                *Complaint – DFEH No. 202207-17635719*
27
   Date Filed: July 19, 2022
28
                                                   Form DFEH-ENF 80 RS (Revised 02/22)

1

2

3

4

PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

5

6

7

8

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

9

10

11

12

13

   On **July 19, 2022**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by <u>certified mail</u>, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

14

15

16

17

<u>SEE ATTACHED MAILING LIST</u>

18

19

20

21

   I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

22

23

24

25

   Executed on **July 19, 2022**, at Sherman Oaks, California.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26

27

28



HERMINA AVAKIAN

1

<u>MAILING LIST</u>

2

Watlow Electric Manufacturing Company
3  6781 Via Del Oro
San Jose, CA 95119
4

5  Watlow Electric Manufacturing Company
c/o CT Corporation
6  330 N. Brand Blvd., Suite 700
Glendale, CA 91203
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Tara J. Licata, Esq.        SBN: 266111
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403
TELEPHONE NO.: (818) 783-5757   FAX NO. (Optional): (818) 783-7710
E-MAIL ADDRESS:
ATTORNEY FOR (Name): Brandon Semerau

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: San Jose, CA  95113
CITY AND ZIP CODE:
BRANCH NAME: Downtown Superior Court

**FOR COURT USE ONLY**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/20/2022 11:37 AM
Reviewed By: R. Cachux
Case #22CV401627
Envelope: 9501115**

CASE NAME: BRANDON SEMERAU vs. WATLOW ELECTRIC
MANUFACTURING COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 22CV401627 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 20, 2022
Tara J. Licata, Esq.
_____        ▶ _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach--Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case--Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** WATLOW ELECTRIC MANUFACTURING
*(AVISO AL DEMANDADO):* COMPANY; and DOES 1 through 100,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** BRANDON SEMERAU,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
| --- |
| E-FILED<br>7/20/2022 11:37 AM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>22CV401627<br>Reviewed By: R. Cachux<br>Envelope: 9501115 |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT
191 North First Street
San Jose, California  95113

CASE NUMBER *(Número del Caso):* 22CV401627

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Tara J. Licata, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MANCINI & ASSOCIATES
15303 Ventura Blvd., Suite 600, Sherman Oaks, CA 91403    (818) 783-5757

DATE: 7/20/2022 11:37 AM   Clerk of Court   Clerk, by   R. Cachux   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

EXHIBIT D

1  Tyler M. Paetkau (Bar No. 146305)
   Tyler.Paetkau@huschblackwell.com
2  Olga Savage (Bar No. 252009)
   olga.savage@huschblackwell.com
3  Michael Matta (Bar No. 325593)
   michael.matta@huschblackwell.com
4  HUSCH BLACKWELL LLP
5  1999 Harrison Street, Suite 700
   Oakland, CA 94612
6  Telephone:  510.768.0650
   Facsimile:   510.768.0651
7
8  Attorneys for Defendant
   WATLOW ELECTRIC MANUFACTURING COMPANY
9

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11               **FOR THE COUNTY OF SANTA CLARA**

12

| | |
|---|---|
| 13  BRANDON SEMERAU,<br><br>14          Plaintiff,<br><br>15          vs.<br><br>16  WATLOW ELECTRIC MANUFACTURING<br>17  COMPANY; and DOES 1–100, inclusive,<br><br>18          Defendants.<br>19 | Case No. 22CV401627<br><br>**ANSWER BY DEFENDANT WATLOW<br>ELECTRIC MANUFACTURING<br>COMPANY TO PLAINTIFF'S<br>UNVERIFIED COMPLAINT**<br><br><br>Action Filed:    April 21, 2022<br>Trial Date:       Not set |

20          Defendant Watlow Electric Manufacturing Company ("Watlow") hereby submits the

21  following answer and affirmative defenses to the unverified Complaint filed by Plaintiff Brandon

22  Semerau ("Plaintiff").

23                    **I.    GENERAL DENIAL**

24          Pursuant to California Code of Civil Procedure section 431.30, Watlow denies generally and

25  specifically each, every, and all of the material allegations of the Complaint, and the whole thereof.

26  Watlow further denies that Plaintiff has sustained, or will sustain, any injury, damage, or loss by

27  reason of any act, omission, breach, negligence, or any other conduct or the absence thereof, on the

28  part of Watlow, or any agent, attorney, servant, or employee of Watlow.

*HUSCH BLACKWELL LLP*
*1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612*
*(510) 768-0650*

## II.  <u>AFFIRMATIVE DEFENSES</u>

Without conceding that Watlow bears the burden of proof or persuasion as to any one of the following affirmative defenses, Watlow asserts the following affirmative and other defenses as to each and every cause of action alleged in the unverified Complaint:

### <u>FIRST SEPARATE AND ADDITIONAL DEFENSE</u>

**(Failure to State a Cause of Action)**

1.     The Complaint in its entirety does not state facts sufficient to constitute a cause of action against Watlow upon which relief can be granted.  The Complaint is vague, fails to allege facts establishing any violation of law, and fails to allege facts establishing injury.

### <u>SECOND SEPARATE AND ADDITIONAL DEFENSE</u>

**(Statute of Limitations)**

2.     Any recovery on the Complaint or purported causes of action alleged therein is barred by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure §§ 335, 335.1, 336, 337, 338(a), 339, 340(a) and (c), 343, 344 and Government Code §§ 12960 and 12965.

### <u>THIRD SEPARATE AND ADDITIONAL DEFENSE</u>

**(Failure to Plead with Particularity)**

3.     The Complaint is barred, in whole or in part, because Plaintiff failed to plead causes of action alleged in the Complaint with the particularity required by law.

### <u>FOURTH SEPARATE AND ADDITIONAL DEFENSE</u>

**(Laches)**

4.     The Complaint is barred, in whole or in part, based on the doctrine of laches.

### <u>FIFTH SEPARATE AND ADDITIONAL DEFENSE</u>

**(Unclean Hands)**

5.     Any recovery on the Complaint or purported causes of action alleged therein is barred under the equitable doctrine of unclean hands.

/ / /

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Release and Waiver)

6.      Any recovery on the Complaint or purported causes of action alleged therein is barred under the equitable doctrine of release and waiver.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith)

7.      The Complaint is barred, in whole or in part, because Watlow acted in good faith and had reasonable grounds for believing that its actions did not violate the California Government Code.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Claim for Attorney's Fees)

8.      The Complaint fails to state facts sufficient to support a claim for attorney's fees.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Avoidable Consequences)

9.      Plaintiff's Complaint is barred under the avoidable consequences doctrine.  Watlow had procedures in place for reporting work-related issues.  Plaintiff unreasonably failed to use Watlow's preventive and corrective measures, and reasonable use of Watlow's preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Compliance with Statutes)

10.      The Complaint, and each purported cause of action alleged, is barred because Watlow and its agents at all times complied and/or substantially complied with all applicable statutes, regulations, laws, and/or interpretive guidance, including, but not limited to, the Fair Employment in Housing Act.

/ / /

/ / /

/ / /

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

ANSWER BY DEFENDANT WATLOW ELECTRIC MANUFACTURING COMPANY
TO PLAINTIFF'S UNVERIFIED COMPLAINT      CASE NO. 22CV401627
HB: 4864-1351-8636.1

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Damages or Injury)

11.     The Complaint is barred, in whole or in part, due to lack of any cognizable injury or damages legally compensable by law.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Equitable Defenses)

12.     The Complaint is barred, in whole or in part, based on principles of equity.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver and Estoppel)

13.     The Complaint is barred, in whole or in part, based on principles of waiver and estoppel.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (After-Acquired Evidence)

14.     Watlow is informed and believes and thereon alleges that a reasonable opportunity for investigation and discovery may reveal that Plaintiff's Complaint, and each purported cause of action alleged, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages, the existence of which damages Watlow specifically denies.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Action by Managing Agent)

15.     The Complaint, and each purported cause of action alleged, is barred because Plaintiff has not alleged and cannot show that the actions alleged in the Complaint against Watlow was engaged in by a "managing agent" as required by Cal. Civ. Code § 3294(b) and defined by *White v. Ultramar, Inc.*, 21 Cal. 4th 563 (1999) as a corporate employee who exercises substantial independent authority and judgment in its corporate decision-making so that its decisions ultimately determine corporate policy or were ratified by Watlow.

/ / /

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Reasons)

16.     The Complaint is barred, in whole or in part, because Watlow's actions with respect to Plaintiff were non-discriminatory, non-retaliatory, and non-pretextual, were based on legitimate reasons and carried out in the good-faith exercise of Watlow's reasonable business judgment; and were carried out or would have been carried out regardless of Plaintiff's protected status.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Mixed Motive)

17.     To the extent that any adverse employment action taken against Plaintiff was motivated by both discriminatory and non-discriminatory reasons sufficient to constitute a "mixed motive," Watlow is not liable because its legitimate reason(s), standing alone, would have induced Watlow to make the same decision at that time.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Care)

18.     The Complaint is barred, in whole or in part, because Watlow exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory conduct, if any.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unconstitutionality of the Punitive Damages Standard)

19.     To the extent that Plaintiff seeks or intends to seek punitive damages, without qualification or limitation, the standards for an award of punitive damages under state law are unconstitutionally vague under both the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution, in that there are no adequate standards or guidelines (1) for determining the type of conduct on which an award of punitive damages may be based; (2) for guiding the trier of fact in deciding whether to award punitive damages; or (3) for fixing or determining the amount of any punitive damages to be awarded. Moreover, there are inadequate procedural safeguards under state law for awarding punitive damages in that to the extent punitive damages are imposed as punishment, none of the procedural protections required by due process for punitive proceedings, such as unanimity of verdict or proof beyond a reasonable doubt,

1    are provided.  Finally, excessive punitive damages violate the Due Process Clauses of the United

2    States and California Constitutions.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Administrative Remedies)

5         20.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to

6    exhaust his administrative remedies, the allegations in the Complaint fall outside the scope of any

7    administrative charges Plaintiff filed, and/or Plaintiff otherwise failed to comply with the statutory

8    prerequisites to the bringing of this action under California Government Code §§12900, *et seq*.

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

11        21.    Watlow is informed and believes that the Complaint, and each purported cause of

12   action alleged, is barred because Plaintiff failed to mitigate any damages that he may have suffered.

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Set-Off)

15        22.    To the extent that Plaintiff has received compensation for his alleged injuries from

16   other sources, or to the extent that a cross-demand for money exists from Watlow to Plaintiff, a

17   damage award in this action, if any, should be offset accordingly.

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Policies and Practices)

20        23.    The Complaint is barred, in whole or in part, because Watlow promulgated and

21   disseminated appropriate company policies and practices prohibiting retaliation, harassment, and

22   discrimination, which provide employees measures through which to report suspected violations.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Workers' Compensation Preemption)

25        24.    Any and all claims in the Complaint based in whole or in part upon any alleged

26   physical or emotional injury or distress are barred because Plaintiff has waived any recovery for

27   alleged physical or emotional injury or distress, to the extent that Plaintiff has failed to pursue and

28   exhaust his remedies, if any, under the California Workers' Compensation Act.  Cal. Lab. Code §§

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

6

1   3600 *et seq.*

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

25.   The Complaint is barred, in whole or in part, because Plaintiff consented to any and all actions allegedly taken by Watlow.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Privilege)

26.   The Complaint is barred, in whole or in part, because Watlow's conduct, if any, was privileged, performed in the exercise of an absolute right, proper and/or justified.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Improper Conduct by Watlow)

27.   The Complaint is barred, in whole or in part, because if any alleged improper conduct occurred, which Watlow denies, Watlow is not liable because (a) any persons allegedly engaging in any such conduct were not acting as an employee or agent of Watlow, (b) such conduct was outside the scope, course and/or authority of any employee or agent, (c) Watlow was not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard of Watlow's interests, rules, policies and/or procedures.

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Tangible Adverse Employment Action)

28.   The Complaint is barred, in whole or in part, because Plaintiff did not suffer any tangible adverse employment action.

### TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Undue Hardship)

29.   Plaintiff's claims are barred, in whole or in part, because Watlow could not accommodate Plaintiff's disability without imposing an undue hardship on Watlow's operations.

/ / /

/ / /

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Health and Safety Risk)

30.     Plaintiff's claims are barred, in whole or in part, because there was no reasonable accommodation that would have allowed Plaintiff to perform his job duties without endangering the health and safety of himself or others.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (*Bona Fide* Occupational Qualification)

31.     The Complaint, and each purported cause of action, is barred because all personnel decisions taken with respect to Plaintiff were based on *bona fide* occupational qualifications.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Internal Remedies)

32.     The Complaint, and each purported cause of action, is barred because Watlow (1) took no tangible adverse employment action; (2) exercised reasonable care to prevent and promptly correct any harassing behavior; and (3) Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Watlow or to otherwise avoid harm (*see Faragher v. City of Boca Raton,* 524 U.S. 775, 807-08 (1998)).

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Alternative Causes of Alleged Damages)

33.     Plaintiff's claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by intervening and superseding events and/or actions of persons and/or entities other than Watlow.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Alternative and/or Concurrent Causes of Emotional Distresses)

34.     To the extent that Plaintiff suffered any symptoms of mental or emotional distress or injury, it was the result of a pre-existing psychological disorder and/or alternative concurrent cause(s), and not the result of any act or omission by Watlow.

/ / /

/ / /

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Plaintiff's Own Conduct)

35.    Plaintiff's claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by Plaintiff's own conduct.

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Alleged Damages Uncertain)

36.    Plaintiff's claims for damages are barred, in whole or in part, because the alleged damages are not clearly ascertainable in their nature or origin.

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Entitlement to Punitive, Special or Compensatory Damages)

37.    The Complaint fails to state facts sufficient to support a claim for punitive, special, or compensatory damages.

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Joint and Several Liability)

38.    To the extent that Watlow is found liable to Plaintiff for any damages, the amount of recovery of any economic and non-economic damages against Watlow shall be calculated in accordance with the principles of California Civil Code §§ 1430, *et seq.*, and shall be no greater than the amount of damages in direct proportion to the fault of each defendant, if any, relevant to the fault of other persons, firms, corporations, entities or organizations, including Plaintiff.

## RESERVATION OF RIGHTS

39.    Because Watlow has yet to avail itself of discovery, Watlow hereby notifies Plaintiff that until it can avail itself of discovery, it cannot be determined whether Watlow will assert the above-stated affirmative defenses at trial or whether those will be the only such defenses asserted. Such defenses are, however, asserted to preserve Watlow's right to assert such defenses and to avoid waiver of any such defenses.  Watlow expressly reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary.

WHEREFORE, Watlow prays that:

1.    That Plaintiff take nothing by his Complaint;

ANSWER BY DEFENDANT WATLOW ELECTRIC MANUFACTURING COMPANY
TO PLAINTIFF'S UNVERIFIED COMPLAINT
CASE NO. 22CV401627
HB: 4864-1351-8636.1

2.      That Plaintiff is denied each and every demand and prayer for relief contained in his Complaint;

3.      That Plaintiff's Complaint be dismissed in its entirety with prejudice;

4.      That judgment be entered in favor of Watlow against Plaintiff;

5.      For costs of suit herein, including reasonable attorneys' fees; and

6.      For such other and further relief as the Court may deem just and proper.

Dated:  August 5, 2022                      Respectfully submitted,

                                            HUSCH BLACKWELL LLP

                                            By: _____/s/ Tyler M. Paetkau_____
                                                Tyler M. Paetkau
                                                Attorneys for Defendant
                                                WATLOW ELECTRIC MANUFACTURING
                                                COMPANY

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

ANSWER BY DEFENDANT WATLOW ELECTRIC MANUFACTURING COMPANY
TO PLAINTIFF'S UNVERIFIED COMPLAINT                    CASE NO. 22CV401627
HB: 4864-1351-8636.1

**PROOF OF SERVICE**

*Semerau v Watlow Electric Manufacturing Company*
County of Santa Clara Superior Court Case No.

     I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 300 South Grand, Suite 1500, Los Angeles, CA 90071.  On August 5, 2022, I served a copy of the within document(s):

**DEFENDANT WATLOW ELECTRIC MANUFACTURING COMPANY's
ANSWER TO PLAINTIFF'S COMPLAINT**

as follows:

☒    by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐    by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.

☐    by electronically serving the document(s) listed above *via* File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.

☐    by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒    by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| Tara J. Licata, Esq.<br>Pamela A. Triplett, Esq.<br>Alex Hadjian, Esq.<br>MANCINI & ASSOCIATES<br>15303 Ventura Boulevard, Suite 600<br>Sherman Oaks, CA91403<br>Tel:    (818) 783-5757<br>Fax:    (818) 783-7717<br>Emails: tlicata@mamlaw.net<br>        ptriplett@mamlaw.net<br>        ahadjian@mamlaw.net | Attorney for Plaintiff<br>*Brandon Semerau* |

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 5, 2022, at Los Angeles, California.

                                */s/Dana Chan*
                                DANA CHAN

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

HB: 4864-1351-8636.1

## Filing / Envelope Information

| Filing ID | Envelope No | Date Submitted | Status |
|---|---|---|---|
| 6794865 | 9639317 | 08/05/2022 10:53 AM PDT | SENT |

## Case Information

**Court Location:** Santa Clara ? Civil

**Case Number:** 22CV401627

**Case Name:** Brandon Semerau vs Watlow Electric Manufacturing Company

## Filing / Document Information

| Document Type | Document Desc. | Status |
|---|---|---|
| Answer/Response/Denial/Demurrer - First Appearance | ANSWER BY DEFENDANT WATLOW ELECTRIC MANUFACTURING COMPANY TO PLAINTIFF UNVERIFIED COMPLAINT | Sent |

## Security / Optional Services Information

| Document | Security | Optional Services | Qty |
|---|---|---|---|
| Answer/Response/Denial/Demurrer - First Appearance | Public | No Additional Services. | |

## Party Information

| Role | Party Type | Name |
|---|---|---|
| Defendant | Business | Watlow Electric Manufacturing Company |

## Service Contact Information

| Name | Email Address | Status |
|---|---|---|

There were no service contacts selected for electronic service on this filing.

## Filing Fees

Fees are not determined and displayed on this receipt until all documents included in the filing submission have been processed by the court.

## Submitter Information

**Filing Attorney:** Tyler M. Paetkau

**Created By:** Dana Chan

**Clerk Memo:**

**Client Matter No:** 0716200-0000085

**PROOF OF SERVICE**

*Semerau v Watlow Electric Manufacturing Company*
County of Santa Clara Superior Court Case No. 22CV401627

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand, Suite 1500, Los Angeles, CA 90071. On August 8, 2022, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446**

as follows:

☒  by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.

☐  by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.

☐  by electronically serving the document(s) listed above *via* File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.

☐  by sealing the document(s) listed above in a FEDEX envelope/box and placing it for collection, which would, in the ordinary course of business, be deposited with FEDEX for delivery to the person(s) at the address(es) set forth below.

☒  by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below.

| | |
|---|---|
| Tara J. Licata, Esq.<br>Pamela A. Triplett, Esq.<br>Alex Hadjian, Esq.<br>MANCINI & ASSOCIATES<br>15303 Ventura Boulevard, Suite 600<br>Sherman Oaks, CA 91403<br>Tel:     (818) 783-5757<br>Fax:    (818) 783-7717<br>Emails: tlicata@mamlaw.net<br>          ptriplett@mamlaw.net<br>          ahadjian@mamlaw.net | Attorney for Plaintiff<br>*Brandon Semerau* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 8, 2022, at Los Angeles, California.

*/s/Dana Chan*
DANA CHAN

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

HB: 4875-5738-4492.1